**STATE of Delaware, Petitioner Below, Appellant,**

v.

**Christine DWYER,[1] Respondent Below, Appellee.**

Supreme Court of Delaware.

Submitted: Jan. 9, 1990.
Decided: Feb. 7, 1990.

Mark W. Bunitsky (argued), Deputy Atty. Gen., Dept. of Justice, Wilmington, for petitioner below, appellant.

Bernard J. O'Donnell (argued), Asst. Public Defender, Wilmington, for respondent below, appellee.

Before CHRISTIE, C.J., HORSEY and HOLLAND, JJ.

PER CURIAM:

By Order dated March 8, 1989, the State was granted leave to appeal under 10 *Del.C.* § 962(a)(2), (b) a final judgment of Family Court which acquitted the respondent juvenile of charges of criminally negligent homicide, vehicular homicide second degree, assault third degree, and vehicular assault second degree following trial in Family Court.

The question of law as framed by the State and accepted by this Court is:

If a parent consents to the withdrawal of blood from her child for the purpose of

___

1. This is a pseudonym adopted by the Court pursuant to Supreme Court Rule 7(c).

alcohol analysis, does the parent's agreement render the juvenile's subsequent consent "involuntary" as "mere acquiescence to lawful authority"?

Respondent, a 17–year-old, was the operator of a motor vehicle involved in a collision which resulted in the death of a passenger and injury to respondent. While at the hospital receiving treatment, respondent was questioned by an investigating State trooper, who had detected a strong odor of alcohol on her at the scene. After the trooper secured from respondent's mother a written consent to withdraw a sample of respondent's blood for purposes of testing, blood was withdrawn after the trooper understood respondent to give her oral consent. At the time, respondent was not in custody or under arrest. The trooper took a nod of respondent's head to indicate consent to the removal of her blood.

The charges were dismissed by Family Court following a pretrial hearing of respondent's motion to suppress. The court found the officer lacked probable cause to believe that respondent was under the influence of alcohol sufficient to justify a warrantless taking of blood. The court further ruled that the blood sample obtained had been involuntarily secured in violation of respondent's Fourth Amendment rights. Applying *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), the court found respondent's submission to the taking of her blood to constitute simple acquiescence rather than voluntariness.

As to the question certified, the State argues that Family Court erred as a matter of law in *holding* that a parent's prior consent to the withdrawal of blood from a child "renders the child's subsequent consent involuntary as [constituting] mere acquiescence to lawful authority."

The State has misconstrued the trial court's ruling. The trial court, following controlling law, correctly applied the totality-of-the-circumstances test to determine whether the child's consent to the taking of her blood was voluntary. The court considered the question of the child's acquiescence to lawful authority as *but one*

*factor* to be considered in applying the test of *Bustamonte*. As framed, the answer to the question certified must be "no." A parent's consent to allow the withdrawal of blood for the purpose of alcohol analysis does not render a juvenile's subsequent consent involuntary or mere acquiescence to lawful authority.

The validity of the child's subsequent consent must be determined through application of the totality of the circumstances test. *Haug v. State*, Del.Supr., 406 A.2d 38, 43 (1979). The trial court correctly applied controlling law as found in *Bustamonte*. See also *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); *Fare v. Michael C.*, 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979).

The question presented is ultimately a factual issue rather than a question of law. Therefore, the Court must decline to answer the question as certified as an erroneous reading of the decision under review.